**ELECTRONICALLY FILED**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. _____**

| | |
|---|---|
| **DAVID COYLE, individually and d/b/a TEAM COYLE PHOTOGRAPHY,** )<br>)<br>)<br>    **PLAINTIFF** )<br>)<br>**v.** )<br>)<br>**UNITED STATES OF KENTUCKY** )<br>**UNIVERSITY OF KENTUCKY** )<br>)<br>    **and** )<br>)<br>**UNIVERSITY ATHLETICS COMMITTEE OF** )<br>**THE UNIVERSITY OF KENTUCKY BOARD** )<br>**OF TRUSTEES, as successor in interest** )<br>**to the UNIVERSITY OF KENTUCKY** )<br>**ATHLETICS ASSOCIATION** )<br>)<br>    **and** )<br>)<br>**PAUL MILLER FORD, INC.** )<br>)<br>    **and** )<br>)<br>**UNIVERSITY OF KENTUCKY** )<br>**FEDERAL CREDIT UNION,** )<br>)<br>    **and** )<br>)<br>**HANDS ON ORIGINALS, INC.** )<br>)<br>)<br>    **and** )<br>)<br>**FO HOLDINGS, LLC** )<br>)<br>    **DEFENDANTS** ) | **COMPLAINT**<br>**TRIAL BY JURY DEMANDED** |

\*\*    \*\*    \*\*    \*\*    \*\*    \*\*

Comes Plaintiff, David Coyle, individually and d/b/a Team Coyle Photography (collectively, "David Coyle"), and for his Complaint against Defendants, University of Kentucky ("University"), University Athletics Committee of the University of Kentucky Board of Trustees, as successor in interest to the University of Kentucky Athletics Association ("Committee"), Paul Miller Ford, Inc. ("PMFI"), University of Kentucky Federal Credit Union ("UKFCU"); Hands On Originals, Inc. ("HOO"); and FO Holdings, LLC ("FOH") states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. David Coyle is a natural person who resides in Lexington, Fayette County, Kentucky, and who transacts business both in his own name and as Team Coyle Photography. David Coyle is a highly experienced, nationally recognized professional photographer.

2. The University of Kentucky is an institution of higher education established under the statutes of the Commonwealth of Kentucky and maintains its principal place of business at 101 Main Building, University of Kentucky, Lexington, Kentucky 40506. The University of Kentucky may be served with process upon its process agent, William E. Thro, 301 Main Building, University of Kentucky, Lexington, Kentucky 40506.

3. At all times relevant hereto, the University of Kentucky Athletics Association ("UKAA") was a Kentucky not-for-profit corporation. In or about June, 2012, the University and/or UKAA caused UKAA to file Articles of Dissolution with the Kentucky Secretary of State. Upon information and belief, the Committee and/or the University, jointly or severally, at or about the same time, assumed all of the obligations, responsibilities and liabilities of UKAA. Upon further information and belief, the Committee may be served with process upon the University's general counsel and process agent, William E. Thro, 301 Main Building, University of Kentucky, Lexington, Kentucky 40506.

2

4. Paul Miller Ford, Inc. is a Kentucky corporation which maintains a principal place of business located at 975 East New Circle Road, Lexington, Kentucky 40505, where it operates a retail motor vehicle dealership. PMFI may be served with process upon its process agent, Thomas W. Miller, 271 West Short Street, 600 Security Trust Building, Lexington, Kentucky 40507.

5. University of Kentucky Federal Credit Union is a federal credit union subject to the supervision of the National Credit Union Administration, which maintains a principal place of business located at 2557 Sir Barton Way, Lexington, Kentucky 40509. To the knowledge and belief of Plaintiff, UKFCU may be served with process upon its registered agent, or its Chief Executive Officer, at its principal office address.

6. Hands On Originals, Inc. is a Kentucky corporation with a principal place of business located at 990 West New Circle Road, Lexington, Kentucky 40511. HOO may be served with process upon its registered agent, Douglas D. Schneider, at its principal office address.

7. FO Holdings, LLC is a Kentucky limited liability company with a principal place of business located at 239 South Limestone Street, Lexington, Kentucky 40508. FOH may be served with process upon its registered agent, Stephen Dawahare, at its principal office address.

8. This Court has original jurisdiction over the claims in this case under the federal Copyright Act of 1976, 17 U.S.C. § 101 et seq., and the federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

10. This case concerns the relationship between David Coyle, the University and UKAA in the period from approximately 1988 to 2010; and the legally prohibited use by PMFI,

3

UKFCU, HOO and FOH of David Coyle's copyrighted photographs in the subsequent period of time.

11. During period from 1988 to 2010, David Coyle served as either the principal photographer or Director of Photography for UKAA (which in turn served as the duly authorized agent of the University). As a direct result, David Coyle's work, and the work of photographers engaged by him and acting at his direction, were the face of the University's varsity intercollegiate athletics teams in this period, including but not limited to football, men's and women's basketball, baseball, softball, men's and women's track and field, men's and women's cross country, gymnastics, men's and women's swimming and diving, men's and women's soccer, men's and women's tennis, men's and women's golf, and the rifle team. This work included not just action photographs taken during competitions, but also posed photographs for media guides, publicity releases, posters, and other advertising distributed by UKAA. Even now, some of the best known pictures of Kentucky football and men's basketball from this period are ones that were produced by David Coyle.

12. At or about the time that the relationship commenced in or about 1988, David Coyle was already an established professional photographer. He had been (and continued to be) published in national publications (including, for example, The New York Times and Sports Illustrated), and regularly sold photographs to third parties for commercial projects. David Coyle also had (and thereafter maintained) other professional photographic engagements with, *inter alia*, Host Communications and Caywood Ledford Productions. Team Coyle Photography also served as the official photographer for the Southeastern Conference men's basketball tournament from 1999 to 2012.

13. Between 1988 and approximately June, 1991, David Coyle and UKAA entered into a series of written agreements (in the form of personal services agreements or purchase orders) for David Coyle to, as an independent contractor, provide photographic services to UKAA.

14. In carrying out these agreements, David Coyle maintained substantial creative control over all aspects of the work he performed. He provided his own equipment, and directed the pertinent aspects of the photographic work (time, place, means and manner of producing images, use of assistants, etc.). He also declined certain work for UKAA, in those instances in which it interfered with projects which he had previously scheduled for other clients.

15. In addition, David Coyle was solely responsible for all taxes and related costs and expenses associated with producing the photographs, with no deductions or withholding taken from the contract sums for payment of these items.

16. The photographs produced by David Coyle for UKAA (acting for and on behalf of the University) in the period from 1988 to 1991, including the original negatives for such photographs ("First Period Images"), are not a work made for hire within the meaning of 17 U.S.C. § 101, and the aforementioned written agreements do not purport to transfer the ownership of the copyrights for the First Period Images to UKAA or the University. Accordingly, David Coyle is the owner of the copyrights to the First Period Images.

17. In or about the summer of 1991, UKAA, by and through Athletics Director, Larry Ivy, proposed to David Coyle that he be classified as "permanent part time employee" of UKAA. To the understanding of David Coyle, and as subsequently confirmed to David Coyle by Larry Ivy, this proposal was made for purposes of administrative convenience to UKAA and the University, because it allowed David Coyle to be paid for photographic services through the

administrative mechanism of the University's human resources/payroll process on an on-going basis, without the need to annually or periodically issue a new purchase order or new personal services contract. Crucially, however, nothing else changed about the relationship between David Coyle, UKAA and the University. He continued to perform the exact same work, in the exact same manner as alleged hereinabove; and also continued to be paid at approximately the same rates as before.

18. This administrative process continued until 2005. During this time, David Coyle never had a University-provided or UKAA-provided campus telephone number or e-mail address, but instead used his own third party e-mail provider and mobile phone  In addition, David Coyle received a University-issued press parking pass, rather than a University-issued parking pass of the kind available to University employees.

19. The photographs produced by David Coyle for UKAA (acting for and on behalf of the University) in the period from 1991 to 2005 including the original negatives and original digital image files for such photographs ("Second Period Images") are not a work made for hire within the meaning of 17 U.S.C. § 101, and there were no written or oral agreements in this period purporting to transfer the ownership of the copyrights for the Second Period Images to UKAA or the University. Accordingly, David Coyle is the owner of the copyrights to the Second Period Images.

20. In 2005, David Coyle's status as a "permanent part time employee" of UKAA was discontinued at the determination of the University and/or UKAA, and these parties thereafter entered into a second series of written independent contractor agreements for photographic services. David Coyle continued to perform the exact same work, in the exact

6

same manner as alleged hereinabove; and also continued to be paid at approximately the same rates as before.

21. The photographs produced by David Coyle for UKAA (acting for and on behalf of the University) in the period from 2005 to 2009 including the original negatives and original digital image files for such photographs ("Third Period Images") are not a work made for hire within the meaning of 17 U.S.C. § 101, and the aforementioned written agreements do not purport to transfer the ownership of the copyrights for the Third Period Images to UKAA or the University. Accordingly, David Coyle is the owner of the copyrights to the Third Period Images.

22. In September, 2009, David Coyle and the University entered into an instrument entitled Work for Hire Agreement, which took effect retroactively for the period of July, 2009 to October, 2009.[1] This Work for Hire Agreement specifically provides that the University owns the copyrights for the photographs produced in this period under the Work for Hire Agreement, and in fact the compensation paid to David Coyle under this agreement increased substantially over previous rates, to account for the transfer of the copyrights for this period from David Coyle to the University/UKAA for photographs produced by David Coyle individually (but not by Team Coyle Photography). However, David Coyle retained all copyrights for photographs of University of Kentucky athletes, and sports personalities (i.e., men's head basketball coach, John Calipari), which were taken for third parties, or for the Southeastern Conference, during this period.

23. As part of the negotiations and discussions for the Work for Hire Agreement and the contemplated acquisition by the University and/or UKAA of the copyrights for David Coyle's then-existing catalog of University/UKAA sports images (including but not limited to

---

[1] The Work for Hire Agreement states that it is by and between David Coyle and the University. However, it is executed by a representative of UKAA, Assistant Athletics Director, Jason Schlafer.

the First, Second and Third Period Images), duly authorized representatives of UKAA (for and on behalf of the University) acknowledged and admitted that the ownership status of the copyrights for the First Period Images, Second Period Images, and Third Period Images was uncertain and was not definitively vested in UKAA or the University. In fact, efforts to make a transfer the copyrights from David Coyle to the University and/or UKAA formed a principal part of these negotiations and discussions.

24. At or about the time of expiration of the Work for Hire Agreement dated in September, 2009, David Coyle and UKAA (for and on behalf of the University) entered into an extension of the Work for Hire Agreement, extending its term until and through December, 2009, subject to the same terms and conditions as the agreement which had been signed in September, 2009 with retroactive effect to July, 2009.

25. Following expiration of the extension, David Coyle and the University/UKAA entered into a written independent contractor agreement for photographic services which encompassed the period from January to June, 2010. Like the agreement entered into in or about September, 2009 and thereafter extended by written amendment until December, 2010, David Coyle retained all copyrights for photographs of University of Kentucky athletes, and sports personalities (i.e., men's head basketball coach, John Calipari, which were taken for third parties, or for the Southeastern Conference, during the period from January to June, 2010.

26. The photographs referred to in numerical paragraphs 20, 22 and 23 are referred to hereinafter as the "Excepted Fourth Period Images, and include the original digital image files for such photographs. These images are not a work made for hire within the meaning of 17 U.S.C. § 101, and David Coyle is the owner of the copyrights to the Excepted Fourth Period Images.

27. Upon information and belief, UKAA and/or the University has/have entered into a series of strategic partnerships with businesses which are intended to promote the interests of both UKAA and/or the University and of the subject businesses, which include but are not limited to PMFI and UKFCU. In connection with these strategic partnerships, in some instances, either UKAA, or the University, or both, jointly or severally, have caused or allowed photographs produced by David Coyle, for which David Coyle both owns the copyright and has registered the copyright with the United States Copyright Office, to be displayed as a part of advertising for the partner business, for purposes of pecuniary gain to the partner businesses and UKAA, and also to promote UKAA and the University's intercollegiate athletics teams. In other instances, the partner businesses have simply infringed on the copyrights owned by David Coyle, by displaying these images as part of their advertising which is presented to the general public, in order to obtain a pecuniary benefit. Examples of this include, but are not limited to:

a. The use by PMFI, by and through its Paul Miller Ford retail motor vehicle dealership, of a photograph of men's head basketball coach, John Calipari, which was produced by David Coyle for sports promotion agency, IMG ("Image 1").[2] A true and correct copy of the original image constituting Image 1 is attached hereto and made a part hereof as **EXHIBIT A**. True and correct photographs of the infringing uses of Image 1 which were taken on or about May 24, 2012 are collectively attached hereto and made a part hereof as **EXHIBIT B**. A true and correct copy of the copyright registration statement for Image 1 is attached hereto and made a part hereof as **EXHIBIT C**. The copyright registration for Image 1 was issued in March, 2011, and remains in force and effect. The use of this image by PMFI, by and through its Paul Miller

---

[2] Image 1 is subject to a license agreement between David Coyle and IMG which specifically limited its permitted public uses to game day programs for University of Kentucky men's basketball home games. David Coyle specifically retained the copyright as to Image 1 when this agreement was made.

Ford retail motor vehicle dealership includes the creation of a substantial number of derivative works which have been publicly displayed, both in Fayette County, and also worldwide by means of the Paul Miller Ford Internet site.

   b.  The use by UKFCU of several images of fans at University of Kentucky men's basketball games, which were produced in connection with David Coyle's work for UKAA but for which David Coyle owns the copyrights (collectively, "Image 2"). True and correct copies of photographs of the infringing uses of Image 2 which were taken between February, 2010 and March, 2011 are collectively attached hereto and made a part hereof as **EXHIBIT D**. True and correct copies of the copyright registration statements for Image 2 are collectively attached hereto and made a part hereof as **EXHIBIT E**. The copyright registrations for Image 2 were issued in July and August, 2010, and remain in force and effect.

   c.  The use by numerous third party websites (i.e., fathead.com and prosportsmemorabilia.com) of images of University of Kentucky men's basketball games at Rupp Arena, which were produced in connection with David Coyle's work for UKAA but for which David Coyle owns the copyrights ("Image 3"). True and correct copies of screen capture images of the infringing uses of Image 3 are collectively attached hereto and made a part hereof as **EXHIBIT F**. True and correct copies of the copyright registration statements for Image 3 are collectively attached hereto and made a part hereof as **EXHIBIT G**. The copyright registrations for Image 3 were issued in July, 2010, and remain in force and effect.

   d.  The use by HOO of images of University of Kentucky men's basketball games at Rupp Arena, which were produced in connection with David Coyle's work for UKAA but for which David Coyle owns the copyrights ("Image 4"). A true and correct copy of a photograph of an exemplar of the infringing use of Image 4 is attached hereto and made a part

hereof as **EXHIBIT H**. A true and correct copy of the copyright registration statement for Image 4 is attached hereto and made a part hereof as **EXHIBIT I**. The copyright registration for Image 4 was issued in September, 2010, and remain in force and effect.

   e. The use by FOH of images of University of Kentucky men's basketball games at Rupp Arena, which were produced in connection with David Coyle's work for UKAA but for which David Coyle owns the copyrights ("Image 5"). A true and correct copy of a photograph of an exemplar of the infringing use of Image 5 is attached hereto and made a part hereof as **EXHIBIT J** A true and correct copy of the copyright registration statement for Image 5 is attached hereto and made a part hereof as **EXHIBIT K**. The copyright registration for Image 5 was issued in July, 2010, and remain in force and effect.

   f. To the knowledge and belief of David Coyle, a substantial majority of the infringing uses of the aforementioned Images 1, 2, 3, 4 and 5 were made in connection with products officially licensed by the National Collegiate Athletics Association, giving rise to the inference that use of the subject images was and is made with full ownership of, or other good rights to use, the copyrighted images.

 28. The University caused UKAA to be dissolved in or about June, 2012. To the knowledge and belief of David Coyle, the Committee and/or the University, jointly or severally, succeeded to all obligations, responsibilities and liabilities of UKAA.

**COUNT I:**
**DECLARATION OF RIGHTS/DECLARATORY JUDGMENT**

 29. Plaintiff, David Coyle incorporates by reference as though set forth at length the foregoing allegations.

 30. An actual present controversy exists as between David Coyle, the University and the Committee pertaining to the ownership of the copyrights for the First Period Images, Second

Period Images, Third Period Images, and Excepted Fourth Period Images, and including the original negatives and original digital image files for all such photographs, respectively.

31. David Coyle is entitled to a declaration of right and a declaratory judgment within the meaning of FED. R. CIV. P. 57 and 28 U.S.C. § 2201 that he is the owner, free and clear of all interests or claims of the University, or the Committee, jointly or severally, of the First Period Images, Second Period Images, Third Period Images, and Excepted Fourth Period Images, and including the original negatives and original digital image files for all such photographs, respectively.

**COUNT II:**
**DECLARATION OF RIGHTS/DECLARATORY JUDGMENT,**
**AND COPYRIGHT INFRINGEMENT (UNIVERSITY/UKAA)**

32. Plaintiff, David Coyle incorporates by reference as though set forth at length the foregoing allegations.

33. The actions of the University and/or UKAA (as predecessor in interest to the Committee), jointly or severally, which are alleged in numerical paragraphs 25 and 26 hereinabove, are in violation of David Coyle's exclusive rights pursuant to 17 U.S.C. § 106, including but not limited to the exclusive rights to reproduce, and to create derivative works from, the First Period Images, Second Period Images, Third Period Images, and Excepted Fourth Period Images, respectively.

34. As a direct and proximate result of such conduct by the University and/or UKAA (as predecessor in interest to the Committee), jointly or severally, David Coyle has been damaged in an amount to be determined at trial. In addition, David Coyle is entitled to injunctive relief as contemplated by applicable law, to prevent any further such infringing use of the First Period Images, Second Period Images, Third Period Images, and Excepted Fourth Period Images, respectively.

**COUNT III:**
**DECLARATION OF RIGHTS/DECLARATORY JUDGMENT,**
**AND COPYRIGHT INFRINGEMENT (PMFI)**

35.     Plaintiff, David Coyle incorporates by reference as though set forth at length the foregoing allegations.

36.     The actions of PMFI which are alleged in numerical paragraph 25(a) hereinabove, are in violation of David Coyle's exclusive rights pursuant to 17 U.S.C. § 106, including but not limited to the exclusive rights to reproduce, and to create derivative works from, Image 1, and such other of David Coyle's protected images as discovery herein may show have been used by PMFI in a manner which has violated David Coyle's exclusive rights under 17 U.S.C. § 106 and applicable law.

37.     As a direct and proximate result of such conduct by PMFI, David Coyle has been damaged in an amount to be determined at trial. In addition, David Coyle is entitled to injunctive relief as contemplated by applicable law, to prevent any further such infringing use of Image 1 by PMFI, and also any other image which is determined that PMFI has used in a manner which infringes on the rights of David Coyle.

**COUNT IV:**
**DECLARATION OF RIGHTS/DECLARATORY JUDGMENT,**
**AND COPYRIGHT INFRINGEMENT (UKFCU)**

38.     Plaintiff, David Coyle incorporates by reference as though set forth at length the foregoing allegations.

39.     The actions of UKFCU which are alleged in numerical paragraph 25(b) hereinabove, are in violation of David Coyle's exclusive rights pursuant to 17 U.S.C. § 106, including but not limited to the exclusive rights to reproduce, and to create derivative works from, the photographs constituting Image 2, and such other of David Coyle's protected images as

discovery herein may show have been used by UKFCU in a manner which has violated David Coyle's exclusive rights under 17 U.S.C. § 106 and applicable law.

40. As a direct and proximate result of such conduct by UKFCU, David Coyle has been damaged in an amount to be determined at trial. In addition, David Coyle is entitled to injunctive relief as contemplated by applicable law, to prevent any further such infringing use of the photographs constituting Image 2 by UKFCU, and any other image which is determined that UKFCU has used in a manner which infringes on the rights of David Coyle.

**COUNT V:**
**DECLARATION OF RIGHTS/DECLARATORY JUDGMENT,**
**AND COPYRIGHT INFRINGEMENT (HOO)**

41. Plaintiff, David Coyle incorporates by reference as though set forth at length the foregoing allegations.

42. The actions of HOO which are alleged in numerical paragraph 25(d) hereinabove, are in violation of David Coyle's exclusive rights pursuant to 17 U.S.C. § 106, including but not limited to the exclusive rights to reproduce, and to create derivative works from, the photographs constituting Image 4, and such other of David Coyle's protected images as discovery herein may show have been used by HOO in a manner which has violated David Coyle's exclusive rights under 17 U.S.C. § 106 and applicable law.

43. As a direct and proximate result of such conduct by HOO, David Coyle has been damaged in an amount to be determined at trial. In addition, David Coyle is entitled to injunctive relief as contemplated by applicable law, to prevent any further such infringing use of the photographs constituting Image 42 by HOO, and any other image which is determined that HOO has used in a manner which infringes on the rights of David Coyle.

**COUNT VI:**
**DECLARATION OF RIGHTS/DECLARATORY JUDGMENT,**
**AND COPYRIGHT INFRINGEMENT (FOH)**

44. Plaintiff, David Coyle incorporates by reference as though set forth at length the foregoing allegations.

45. The actions of FOH which are alleged in numerical paragraph 25(e) hereinabove, are in violation of David Coyle's exclusive rights pursuant to 17 U.S.C. § 106, including but not limited to the exclusive rights to reproduce, and to create derivative works from, the photographs constituting Image 5, and such other of David Coyle's protected images as discovery herein may show have been used by FOH in a manner which has violated David Coyle's exclusive rights under 17 U.S.C. § 106 and applicable law.

46. As a direct and proximate result of such conduct by FOH, David Coyle has been damaged in an amount to be determined at trial. In addition, David Coyle is entitled to injunctive relief as contemplated by applicable law, to prevent any further such infringing use of the photographs constituting Image 5 by FOH, and any other image which is determined that FOH has used in a manner which infringes on the rights of David Coyle.

**WHEREFORE**, Plaintiff, David Coyle, individually and d/b/a Team Coyle Photography, prays for relief on his Complaint against the Defendants, University of Kentucky University Athletics Committee of the University of Kentucky Board of Trustees, as successor in interest to the University of Kentucky Athletics Association, Paul Miller Ford, Inc., University of Kentucky Federal Credit Union; Hands On Originals, Inc.; and FO Holdings, LLC as follows:

1. For a declaration of rights and a declaratory judgment within the meaning of FED. R. CIV. P. 57 and 28 U.S.C. § 2201 that David Coyle is the owner, free and clear of all interests or claims of the University, or the Committee, jointly or severally, of the First Period Images,

Second Period Images, Third Period Images, and Excepted Fourth Period Images, and including the original negatives and original digital image files for all such photographs, respectively.

2. For a declaration of rights and a declaratory judgment within the meaning of FED. R. CIV. P. 57 and 28 U.S.C. § 2201 that David Coyle is the owner, free and clear of all interests or claims of PMFI, of Image 1.

3. For a declaration of rights and a declaratory judgment within the meaning of FED. R. CIV. P. 57 and 28 U.S.C. § 2201 that David Coyle is the owner, free and clear of all interests or claims of UKFCU, of the photographs constituting Image 2.

4. For a declaration of rights and a declaratory judgment within the meaning of FED. R. CIV. P. 57 and 28 U.S.C. § 2201 that David Coyle is the owner, free and clear of all interests or claims of HOO, of Image 4.

5. For a declaration of rights and a declaratory judgment within the meaning of FED. R. CIV. P. 57 and 28 U.S.C. § 2201 that David Coyle is the owner, free and clear of all interests or claims of FOH, of Image 5.

6. For a judgment for damages in favor of David Coyle and against the University and the Committee, jointly or severally, as he may elect pursuant to 17 U.S.C. § 504, for: (a) his actual damages suffered as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages; or alternatively, (b) statutory damages in an amount which the Court shall determine are just under the circumstances.

7. For a judgment for damages in favor of David Coyle and against PMFI, as he may elect pursuant to 17 U.S.C. § 504, for: (a) his actual damages suffered as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not

taken into account in computing the actual damages; or alternatively, (b) statutory damages in an amount which the Court shall determine are just under the circumstances.

       8.       For a judgment for damages in favor of David Coyle and against UKFCU, as he may elect pursuant to 17 U.S.C. § 504, for: (a) his actual damages suffered as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages; or alternatively, (b) statutory damages in an amount which the Court shall determine are just under the circumstances.

       9.       For a judgment for damages in favor of David Coyle and against HOO, as he may elect pursuant to 17 U.S.C. § 504, for: (a) his actual damages suffered as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages; or alternatively, (b) statutory damages in an amount which the Court shall determine are just under the circumstances.

       10.       For a judgment for damages in favor of David Coyle and against FOH, as he may elect pursuant to 17 U.S.C. § 504, for: (a) his actual damages suffered as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages; or alternatively, (b) statutory damages in an amount which the Court shall determine are just under the circumstances.

       11.       For entry of temporary and permanent injunctions as to each of the Defendants, respectively, to restrain and prevent any further infringement, as provided for in 17 U.S.C. § 502.

       12.       For an award of David Coyle's attorney's fees and costs herein incurred, as provided for in 17 U.S.C. § 505.

       13.       For a jury by jury on all issues so triable.

14. For such other and further relief to which Plaintiff, David Coyle may appear to be properly entitled.

        Respectfully submitted,

        **/s/  Stephen G. Amato**

        Stephen G. Amato, Esq.
        David A. Cohen, Esq.
        McBrayer, McGinnis, Leslie
         & Kirkland, PLLC
        201 East Main Street, Suite 1000
        Lexington, Kentucky 40507
        Telephone: (859) 231-8780
        Facsimile: (859) 231-6518
        samato@mmlk.com
        ATTORNEYS FOR PLAINTIFF,
        DAVID COYLE, INDIVIDUALLY AND D/B/A
        TEAM COYLE PHOTOGRAPHY

P:\DavidC\Coyle\pleadings\complaint fin.docx